**TROUTMAN PEPPER LOCKE LLP**
Sean P. McConnell (*pro hac vice* forthcoming)
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312
Tel: (610) 640-5423
sean.mcconnell@troutman.com

Austin Padgett (SBN 296309)
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Tel: (404) 885-3000
austin.padgett@troutman.com

*Attorneys for Plaintiff Elevance Health, Inc.*

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ELEVANCE HEALTH, INC.,

Plaintiff,

vs.

ELEVANCE SYSTEMS, INC.,

Defendant.

Case No.

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Elevance Health, Inc. ("Plaintiff" or "Elevance Health"), by its attorneys, for its complaint against Defendant Elevance Systems, Inc. ("Defendant" or "Elevance Systems"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement, unfair competition, cyberpiracy, and related claims under Federal and California State Law, resulting from Defendant's willful, knowing, and persistent unlawful use of the "ELEVANCE" trademark in connection with insurance, healthcare, and technology-related services.

2. Plaintiff Elevance Health brings this action under the United States Trademark Act (Lanham Act of 1946), common law, and California State Laws, Cal. Bus. & Prof. Code. §17200 *et seq*., to protect its valuable ELEVANCE HEALTH trademarks and to ensure that the public is not confused, deceived, or misled into purchasing Defendant's services. Plaintiff seeks permanent injunctive relief, and the recovery of actual damages, Defendant's profits, statutory damages, attorneys' fees, and other relief more fully set forth herein.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

4. Defendant is subject to personal jurisdiction of this Court because it is registered to do business in California and *inter alia*, (i) has its principal place of business in California, (ii) promotes, supplies, offers, and provides its services in California, (iii) transacts business within California, (iv) engages in a persistent course of infringing conduct in California, and (v) expects, or should expect, its acts to have legal consequences within California. Moreover, on information and belief, Defendant actively promotes and offers its healthcare IT services to consumers and healthcare industry participants in California through its interactive website at www.elevancesystems.com, its social media pages, and its online marketing channels. Defendant qualified to transact business in California and designated a California address as its principal place of business in its state corporate filings. Defendant's website is not merely passive but solicits engagement from prospective clients in the healthcare industry, including those located in this District, and Defendant's infringing use of the ELEVANCE mark in connection with those activities has caused and continues to cause confusion and competitive injury felt in California.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because *inter alia*, (i) Defendant is subject to personal jurisdiction in this civil action in this District, (ii) Defendant has promoted and continues to promote, supply, offer, provide, and sell services in this District, (iii) Defendant has directed advertising and the provision of services in this District, and (iv) Defendnt resides in this District. In particular, Defendant has directed advertising and promotional

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

activity into this District through its website and social media channels, and a substantial part of the consumer confusion and competitive injury resulting from Defendant's infringing conduct is occurring and is likely to continue to occur in this District, where Defendant claims to maintain its principal place of business and where Plaintiff competes in the healthcare services market.

6. This is an intellectual property action and is therefore subject to assignment on a district-wide basis under Civil Local Rule 3-2(c). To the extent a divisional assignment applies, assignment to the San Jose Division is appropriate because a substantial part of the events giving rise to Plaintiff's claims occurred in Santa Clara County, where Defendant maintains its principal place of business.

## PARTIES

7. Plaintiff Elevance Health, Inc. is an Indiana corporation with its principal place of business located at 220 Virginia Avenue, Indianapolis, Indiana 46204.

8. Upon information and belief, Defendant Elevance Systems, Inc. is a Delaware corporation with its principal place of business located at 10080 N Wolfe Rd. SW3 200, Cupertino, California 95014.

## PLAINTIFF'S ELEVANCE HEALTH MARKS

9. Plaintiff Elevance Health is a leading healthcare services organization, providing health benefits, insurance coverage, and related services to over 100 million people across the United States.

10. Plaintiff's roots in the healthcare industry date back over 80 years. Through decades of continuous operation and growth, Plaintiff built one of the nation's leading health benefits organizations, culminating in the company that exists today under the name "Elevance Health."

11. On March 10, 2022, Plaintiff announced its intent to change its corporate name from Anthem, Inc. to Elevance Health, Inc.

12. The name change became effective on June 28, 2022, at which time Anthem, Inc. formally became Elevance Health, Inc. and began trading on the New York Stock Exchange under the ticker symbol "ELV."

13. Today, Plaintiff operates a diversified healthcare and technology enterprise whose offerings under the ELEVANCE HEALTH trademarks span a broad range of products and services,

including without limitation health benefits and insurance, pharmacy and clinical care, health data and analytics, and a growing suite of digital, software, and artificial-intelligence-enabled services and platforms. The scope of Elevance Health's business is broad and expanding, and it includes the very healthcare-information-technology and artificial-intelligence services that Defendant purports to offer.

14. Since at least as early as 2022, Plaintiff has invested substantially in AI-enabled digital solutions and virtual care platforms to simplify complex healthcare tasks including understanding coverage, costs, and available healthcare options.

15. Plaintiff owns nationwide common law trademark rights in the mark ELEVANCE HEALTH by virtue of this use.

16. Plaintiff has taken steps to protect its ELEVANCE HEALTH mark and is the owner of multiple federal trademark registrations for insurance, healthcare, and technology-related services ("Elevance Health's Services"). These registrations include, *inter alia*, U.S. Registration No. 7,158,399 (ELEVANCE HEALTH, in International Classes 9, 35, 38, 41, 42, and 44); U.S. Registration No. 6,965,805 (ELEVANCE HEALTH, in International Class 36); U.S. Registration No. 7,158,558 (ELEVANCE HEALTH and design, in International Classes 9, 35, 38, 41, 42, and 44); U.S. Registration No. 6,965,804 (ELEVANCE HEALTH and design, in International Class 36); and U.S. Registration No. 7,877,819 (stylized "E" design, in International Classes 35, 36, 41, 42, and 44), as set forth in **Exhibit A** and incorporated herein (the "ELEVANCE HEALTH Registrations").

17. The marks set forth in the ELEVANCE HEALTH Registrations are in use and have been in continuous use since at least as early as June 28, 2022, well before the earliest date Defendant has claimed to have first used the Infringing Mark (May 1, 2025).

18. The ELEVANCE HEALTH Registrations are valid, subsisting, and in full force and effect.

19. The ELEVANCE HEALTH mark at common law, including the stylized design shown below, and the ELEVANCE HEALTH Registrations are collectively referred to as the "ELEVANCE HEALTH Marks."

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

Elevance Health℠

20. Plaintiff has invested substantially in its ELEVANCE HEALTH Marks and is vigilant in protecting its trademark rights. Due to the promotion and use of the ELEVANCE HEALTH Marks, consumers recognize that this designation uniquely, and unmistakably points to, and identifies the source of, Elevance Health's Services.

21. Elevance Health's Services offered under the ELEVANCE HEALTH Marks have been and continue to be recognized for excellence by consumers in the United States. As a result of Plaintiff's promotional activities and unsolicited consumer recognition, the ELEVANCE HEALTH Marks have become well-known in the United States in connection with Elevance Health's Services. The relevant public therefore associates and identifies ELEVANCE HEALTH Marks with Plaintiff and Plaintiff derives substantial goodwill from such identification by consumers.

22. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting Elevance Health's Services under the ELEVANCE HEALTH Marks.

23. Plaintiff prominently displays the ELEVANCE HEALTH Marks on its website, <www.elevancehealth.com> where customers access information about Elevance Health's Services throughout the United States. **Exhibit B.**




24. The ELEVANCE HEALTH Marks are conceptually and commercially strong.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

25. Plaintiff provides health benefits and insurance coverage to over 100 million people across the United States, has expended substantial resources advertising and promoting its services under the ELEVANCE HEALTH Marks throughout the United States, and has received extensive public recognition, including recognition on the Fortune 100 Best Companies to Work For® list for 2026. The ELEVANCE HEALTH Marks are recognized by the general consuming public of the United States as a designation of source of Elevance Health's Services.

26. Plaintiff, however, is more than simply a health benefits and insurance provider. A significant, and growing, aspect of Plaintiff's operations involves the development, marketing, and deployment of a wide variety of digital solutions covering virtually every aspect of the health care experience. From member-facing software to payer-focused solutions to provider facing software, Plaintiff's Digital Platforms and Artificial Intelligence Office ("DPAIO") builds innovative technological solutions in support of Plaintiff's mission to improve the health of humanity.

27. Plaintiff's healthcare enterprise makes available a comprehensive digital services platform that, *inter alia*, provides software-implemented solutions generally relating to patient care, hospital administration and operations, patient billing and coding, claims processing, and health care administration, as well as related data research services concerning the healthcare lifecycle.

28. These digital services platforms are offered to and used by hospital systems, insurance payors, and healthcare benefit plans.

**DEFENDANT'S WILLFUL AND KNOWING INFRINGEMENT**

29. On information and belief, Defendant Elevance Systems, Inc. was incorporated in Delaware in January 2024 and markets itself as a "Healthcare IT Managed Services Company."

30. Based on the public records of the USPTO, on April 14, 2026 Defendant filed U.S. Application Serial Number: 99/762,509 for ELEVANCE SYSTEMS and design ("Infringing Mark") for "*Artificial intelligence as a service (AIAAS) services featuring software using artificial intelligence (AI) for client call assistance, medical transcribing and charting, fax automation, daily operations efficiency, healthcare revenue cycle management, artificial intelligence claims efficiency, staffing, and inter-department communications*" in International Class 42 ("Defendant's Services"). **Exhibit C.**



TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

31. Defendant's Services, as identified in Defendant's own application, fall squarely within the scope of the services that Elevance Health provides and for which the ELEVANCE HEALTH Marks are registered and used, including artificial-intelligence-enabled healthcare and information-technology services in International Class 42. The parties thus offer identical or closely related services to the same healthcare-industry consumers through the same channels of trade.

32. In its application, Defendant expressly disclaimed any exclusive right to use the word "SYSTEMS" apart from the mark as shown, confirming that the dominant, source-identifying element of the Infringing Mark is the coined term ELEVANCE, the identical, distinctive term that anchors the ELEVANCE HEALTH Marks.

33. Defendant's Infringing Mark is designed to mimic the overall look and feel of the ELEVANCE HEALTH Marks. As described in Defendant's own application, the Infringing Mark presents the dominant term ELEVANCE in large, uppercase letters in dark blue, paired with the smaller, disclaimed term SYSTEMS, and accompanied by a stylized geometric design element positioned to the left of the wording. This mirrors Plaintiff's presentation of the ELEVANCE HEALTH Marks, in which the dominant term ELEVANCE likewise appears in dark blue, paired with the smaller, disclaimed term HEALTH and a stylized design element, including as prominently displayed in dark blue on Plaintiff's website. *Compare* **Exhibit B** *with* **Exhibit D.**

34. Defendant's adoption of the same dominant term ELEVANCE, the same dark blue coloring for that term, the same structure pairing ELEVANCE with a smaller disclaimed descriptor, and a stylized geometric design element adjacent to the wording renders the Infringing Mark confusingly similar to the ELEVANCE HEALTH Marks in appearance, sound, connotation, and overall commercial impression. These shared design choices are not coincidental and further evidence Defendant's bad faith intent to trade on the goodwill of the ELEVANCE HEALTH Marks.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

35. In this application, Defendant claims first use and first use in commerce of the Infringing Mark as May 1, 2025, approximately three (3) years after Plaintiff first began using the ELEVANCE HEALTH Marks at least as early as 2022.

36. Defendant maintains a website for the promotion and sale of Defendant's Services under the Infringing Mark at <www.elevancesystems.com>. *See* **Exhibit D.**




37. Defendant also maintains social media pages for the promotion and sale of Defendant's Services under the Infringing Mark at <www.facebook.com/people/Elevance-Systems-Inc/61575318635784>. *See* **Exhibit E.**

38. Defendant's own promotional materials reflect the confusion that its conduct causes. On its website, Defendant published a purported client testimonial that refers to "Elevance Health" rather than Elevance Systems when describing Defendant's own services, underscoring that consumers and industry participants already conflate Defendant with Plaintiff. *See* **Exhibit F**.



39. Plaintiff is one of the largest and most recognized companies in the healthcare industry, and the ELEVANCE HEALTH Marks are well known among industry participants, healthcare providers, and consumers. On information and belief, when Defendant adopted and filed its trademark application for the Infringing Mark, Defendant knew ELEVANCE HEALTH was used by Plaintiff.

40. Plaintiff had not at any time authorized Defendant to promote, supply, offer, render, or provide Defendant's Services under the Infringing Mark.

41. Defendant's use of the Infringing Mark, which is nearly identical or highly similar to the ELEVANCE HEALTH Marks, in connection with highly related services to Elevance Health's Services, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and the industry, causing immediate and continuing irreparable harm to Plaintiff, and Defendant will continue to do so unless restrained by the Court.

<u>**COUNT I**</u>

**Trademark Infringement (15 U.S.C. § 1114)**

42. Plaintiff realleges and incorporates here by reference the allegations set forth above.

43. Plaintiff's federally registered ELEVANCE HEALTH Marks, and the goodwill of the business associated with it in the United States and throughout the world, are of exclusive and incalculable value.

44. The ELEVANCE HEALTH Marks are highly distinctive and have become associated in the public's mind with services of the highest quality that originate exclusively with Plaintiff.

45. Without Plaintiff's authorization or consent and having knowledge of Plaintiff's prior rights in the ELEVANCE HEALTH Marks, Defendant promotes, supplies, offers and provides Defendant's Services under marks that are substantially similar to the ELEVANCE HEALTH Marks in United States commerce.

46. The Infringing Mark is confusingly similar to the ELEVANCE HEALTH Marks. The dominant element of each mark is the coined, arbitrary term ELEVANCE, which is identical in sight, sound, and commercial impression. Defendant's addition of the word "SYSTEMS," which Defendant itself disclaimed as non-source-identifying, does nothing to distinguish the marks.



TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

47. The similarity of the marks extends beyond the shared dominant term to their visual presentation. Defendant presents ELEVANCE in dark blue with a smaller, disclaimed descriptor and an adjacent stylized geometric design element, closely mirroring the dark blue coloring and design-oriented presentation of the ELEVANCE HEALTH Marks and reinforcing the likelihood of confusion.

48. The parties' services are identical or closely related. Both Plaintiff and Defendant offer healthcare-focused, artificial-intelligence-enabled technology services, and Defendant's Class 42 services fall squarely within the scope of Elevance Health's Services and the ELEVANCE HEALTH Registrations. The parties market their services to the same healthcare-industry consumers through overlapping channels of trade, including their respective websites and social media pages.

49. The strong similarity of the marks, the relatedness and overlap of the parties' services, the shared consumers and channels of trade, and Defendant's knowledge of and intent to trade upon the ELEVANCE HEALTH Marks together establish a strong likelihood of confusion. That confusion is not merely hypothetical; it has already occurred, as reflected in Defendant's own promotional materials referring to "Elevance Health." *See* **Exhibit F**.

50. Defendant's infringing acts as alleged herein are likely to cause confusion, mistake, and deception among consumers and the industry as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's services by Plaintiff, all to the damage and detriment of Plaintiff and its reputation, goodwill, and sales.

51. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. Upon information and belief, Defendant intends to continue its infringing acts, and will continue to willfully infringe Plaintiff's rights in the ELEVANCE HEALTH Marks unless restrained by this Court.

53. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and has no adequate remedy at law from the harm caused by Defendant's acts as alleged herein. Unless Defendant is permanently enjoined by this Court, Plaintiff will suffer irreparable harm.

**<u>COUNT II</u>**

**False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))**

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

54. Plaintiff realleges and incorporates here by reference the allegations set forth above.

55. Defendant's promotion, supply, and offering of Defendant's Services under marks identical or nearly identical to the ELEVANCE HEALTH Marks, as alleged herein, are likely to cause confusion, mistake or deception as to the affiliation, origin, sponsorship, or approval by Plaintiff of Defendant's commercial activities.

56. Defendant's acts constitute a false designation of origin, false and misleading descriptions and representations of fact, and unfair competition—all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Plaintiff has been damaged, and is likely to be further damaged, by the false description and representations as to the source of Defendant's services, because there is a substantial likelihood that consumers will be confused as to the source, sponsorship and affiliation of such services, and because consumers will believe such services originate with Plaintiff.

58. Defendant's acts have been, and continue to be done, with intent to cause confusion, mistake, and deception regarding the source and sponsorship of Defendant's services.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and has no adequate remedy at law from the harm caused by Defendant's acts as alleged herein. Unless Defendant is permanently enjoined by this Court, Plaintiff will suffer irreparable harm.

## COUNT III

**Cyberpiracy (Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))**

60. Plaintiff realleges and incorporates here by reference the allegations set forth above.

61. The ELEVANCE HEALTH Marks are distinctive, and were distinctive at the time Defendant registered the domain name <www.elevancesystems.com> (the "Infringing Domain"), which was, upon information and belief, on or around November 7, 2023.

62. The Infringing Domain is identical or confusingly similar to Plaintiff's distinctive ELEVANCE HEALTH Marks.

63. Defendant registered, traffics in, and uses the Infringing Domain with a bad faith intent to profit from the ELEVANCE HEALTH Marks. Among other things, Defendant has no trademark or other intellectual property rights in the ELEVANCE HEALTH Marks; the Infringing Domain does

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

not consist of Defendant's legal name; Defendant has made no bona fide noncommercial or fair use of the ELEVANCE HEALTH Marks; Defendant intended to divert consumers from Plaintiff to the Infringing Domain for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site; Defendant has provided materially false and misleading information in connection with its online presence; and the ELEVANCE HEALTH Marks are highly distinctive.

64. Defendant's registration, trafficking in, and use of the Infringing Domain constitutes cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

65. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and has no adequate remedy at law. Unless Defendant is enjoined and the Infringing Domain is transferred to Plaintiff, Plaintiff will suffer irreparable harm.

**COUNT IV**

**Common Law Unfair Competition**

66. Plaintiff realleges and incorporates here by reference the allegations set forth above.

67. Defendant's actions as alleged herein are likely to deceive the public and therefore constitute unfair competition in violation of the common law of the state of California.

68. Upon information and belief, and as alleged herein, Defendant's unlawful acts were committed willfully, with full knowledge of Plaintiff's rights and with the intention of deceiving and misleading the public into believing that the Defendant's healthcare services are somehow affiliated with and endorsed or sponsored by Plaintiff.

69. Plaintiff has no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiff will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill and distinctiveness in the ELEVANCE HEALTH Marks.

**COUNT V**

**California Unfair Competition (Cal. Bus. & Prof. Code. §17200 *et seq*.)**

70. Plaintiff realleges and incorporates here by reference the allegations set forth above.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

71. As alleged herein, Defendant's conduct constitutes unlawful, unfair or fraudulent business acts or practices and as such, constitutes unfair competition under California Business & Professions Code § 17200 *et seq*.

72. Upon information and belief, Defendant's acts as alleged herein have caused and will continue to cause confusion, mistake, or deception among consumers or potential customers as to the source of Defendant's services and the sponsorship or endorsement of those services by Plaintiff.

73. As a direct and proximate result of Defendant's unlawful and unfair conduct, Plaintiff has suffered and will continue to suffer financial injury to its business and property, which will continue unless permanently enjoined and restrained by this Court.

74. Plaintiff has no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiff will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill and distinctiveness in the ELEVANCE HEALTH Marks.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

## COUNT VI

### California False Advertising (Cal. Bus. & Prof. Code § 17500)

75. Plaintiff realleges and incorporates here by reference the allegations set forth above.

76. Defendant has advertised, marketed, and promoted Defendant's Services to the public in California and elsewhere through its website, social media pages, and other online materials, including through the website located at <www.elevancesystems.com>.

77. In those advertisements and promotional materials, Defendant has made, disseminated, or caused to be disseminated untrue or misleading statements concerning Defendant's Services, its business operations, its workforce, its qualifications, and its reputation. By way of example, Defendant has advertised and published a purported client testimonial that refers to "Elevance Health" rather than Elevance Systems. *See* **Exhibit F.**

78. Defendant knew or, by the exercise of reasonable care, should have known that the foregoing statement is untrue or misleading. Defendant's false and misleading advertising is material because it is likely to influence consumers, prospective customers, healthcare-industry participants, and business partners in evaluating Defendant's Services and in assessing whether Defendant is affiliated with, sponsored by, or approved by Plaintiff.

79. Defendant's conduct constitutes false advertising in violation of California Business and Professions Code § 17500.

80. As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer harm to its business, reputation, goodwill, and rights in the ELEVANCE HEALTH Marks unless Defendant is enjoined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Finding that: (i) Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Sections 43(a) and 43(d) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (d); (ii) Defendant has engaged in trademark infringement, cyberpiracy, false advertising, and unfair competition under federal law and the common law of California; and (iii) Defendant has engaged in false advertising, unfair methods of competition, and trademark infringement in violation of California Business and Professions Code §§ 17200 *et seq.*, and 17500;

B. Granting an injunction permanently restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them anywhere, from:

i. Promoting, supplying, offering, rendering, and providing any goods and services that utilize Plaintiff's ELEVANCE HEALTH Marks, or any other mark substantially or confusingly similar, without limitation, to Plaintiff's ELEVANCE HEALTH Marks, and engaging in any other activity constituting an infringement of any of Plaintiff's rights in the ELEVANCE HEALTH Marks or any other trademarks owned by Plaintiff;

ii. Passing off, inducing, or enabling others to sell or pass off any product or service as originating with Plaintiff, which are not in fact a Plaintiff product or service, or not provided under the control and supervision of Plaintiff and approved by Plaintiff under the ELEVANCE HEALTH Marks;

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

iii. Engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of designations and indicia associated with Plaintiff;

iv. Engaging in any activity that will diminish the unique and distinctive quality of Plaintiff's ELEVANCE HEALTH Marks and harm the reputation and goodwill in Plaintiff's ELEVANCE HEALTH Marks; and

v. Otherwise competing unfairly with Plaintiff in any manner.

C. Directing that Defendant remove any simulation, reproduction, counterfeit, copy, or colorable imitation of the ELEVANCE HEALTH Marks, or any mark confusingly similar thereto, from any and all advertising in any medium and/or websites under its control, including, without limitation Defendant's websites and social media accounts;

D. Directing other such relief as the Court may deem appropriate to prevent the public from receiving any erroneous impression that any product or service at issue in this case, that has been advertised, marketed, promoted, rendered, supplied, distributed, sold, offered for sale, or provided by Defendant, has been authorized by Plaintiff, or is related to or associated in any way with Plaintiff or its services;

E. Directing Defendant to file with the Court and serve upon Plaintiff, within thirty (30) days after service upon Defendant of this Court's final judgment issued in this action, a statement, signed under oath, setting forth the manner and form in which Defendant has complied with the injunction herein;

F. Ordering Defendant to expressly abandon, with prejudice, U.S. Trademark Application Serial No. 99/762,509 and to file such abandonment with the United States Patent and Trademark Office within thirty (30) days of entry of the Court's order, and permanently enjoining Defendant from filing, prosecuting, or maintaining any application to register ELEVANCE SYSTEMS or any mark confusingly similar to the ELEVANCE HEALTH Marks; or, in the alternative, pursuant to 15 U.S.C. § 1119, ordering the United States Patent and Trademark Office to refuse registration of, or cancel, U.S. Trademark Application Serial No. 99/762,509;

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111

G. Directing the transfer of the domain name <www.elevancesystems.com> to Plaintiff, or in the alternative ordering its forfeiture or cancellation, pursuant to 15 U.S.C. § 1125(d)(1)(C);

H. Directing that Defendant deliver up for destruction all labels, signs, prints, packages, advertisements, promotional materials, and other materials in its possession or under its control bearing the Infringing Mark or any reproduction, copy, or colorable imitation of the ELEVANCE HEALTH Marks, pursuant to 15 U.S.C. § 1118;

I. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts, and if the Court finds such recovery inadequate, entering judgment for such sum as the Court shall find to be just, according to the circumstances of the case, in accordance with the provisions of 15 U.S.C. § 1117(a);

J. Awarding Plaintiff, enhanced damages, including up to three times Plaintiff's actual damages, together with reasonable attorneys' fees, on the ground that this is an exceptional case arising from Defendant's willful and deliberate infringement, pursuant to 15 U.S.C. § 1117(a);

K. Awarding Plaintiff damages sufficient to fund corrective advertising to remedy the confusion and the injury to Plaintiff's goodwill and reputation caused by Defendant's conduct;

L. In connection with Defendant's cyberpiracy, awarding Plaintiff statutory damages of up to $100,000 per infringing domain name, at Plaintiff's election, pursuant to 15 U.S.C. § 1117(d);

M. Awarding Plaintiff its costs, attorneys' fees, and investigatory fees and expenses to the full extent provided for by and relief under 15 U.S.C. §§ 1116-1118, and California Business and Professions Code §§ 17200 *et seq*. and 17500;

N. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums; and

O. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all issues so triable that are raised by this Complaint.

Respectfully submitted,

Dated: October 21, 2026

By: */s/ Austin Padgett*

Austin Padgett (SBN 296309)
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Tel: (404) 885-3000
austin.padgett@troutman.com

*Attorneys for Plaintiff Elevance Health, Inc.*

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111